IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIELLE VAN GORDEN,

    Plaintiff,

v.     No. 1:25-cv-00712-KWR-JFR

KEYLOGIC ASSOCIATES INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff alleges:

> Plaintiff was discriminated against by the defendant: KeyLogic. All managers spoke negatively about the plaintiff being transgender and underpaid her after a promotion. They also shared nude photos amongst other workers. Plaintiff had reached out about drug addiction issues but was promptly fired which was against a policy that allowed workers to seek treatment which plaintiff was never offered, such action is considered discrimination according to ADA of 1990. Managers: Jarod Downey and Kent Hodges also interfered with Unemployment Insurance.

Complaint for a Civil Case at 4, Doc. 1, filed July 28, 2025 ("Complaint"). Plaintiff asserts claims pursuant to the Americans with Disabilities Act and the Civil Rights Act of 1964. *See* Complaint at 3.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff:

> It appears the Complaint should be dismissed for failure to state a claim upon which relief can be granted.
>
>> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are

> "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). . . .
>
> *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted). Plaintiff's vague, conclusory allegations regarding discrimination, underpayment after a promotion, being fired, and interference with unemployment insurance, without supporting factual allegations, are not sufficient to state a claim.

Order to Show Cause at 3, Doc. 5, filed July 30, 2025. Judge Robbenhaar ordered Plaintiff to either show cause why the Court should not dismiss this case or file an amended complaint and notified Plaintiff that failure to timely show cause or file an amended complaint may result in dismissal of this case. Plaintiff did not show cause, file an amended complaint or otherwise respond to the Order to Show Cause by the August 20, 2025, deadline. The Court dismisses this case without prejudice for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____/S/_____
**UNITED STATES DISTRICT JUDGE**